UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADINE PANTON,

                      Petitioner,

      -against-

JOSEPH JOSEPH; Superintendent, Bedford Hills Correctional Facility,

                      Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/20/2025_

17 Civ. 7539 (AT) (VF)

**ORDER**

ANALISA TORRES, District Judge:

      Petitioner *pro se*, Nadine Panton, brings an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that her 2010 convictions for second-degree murder and second-degree robbery should be set aside based on multiple alleged constitutional violations. *See generally* Am. Pet., ECF No. 18. The Honorable Valerie Figueredo issued a report (the "R&R") recommending that the Court deny Panton's petition. R&R, ECF No. 40. Before the Court are Panton's timely objections to the R&R. Objs., ECF No. 43. For the reasons stated below, Panton's objections are overruled, the R&R is adopted in full, and Panton's petition is denied.

**BACKGROUND**[1]

I.    Procedural Background

      On January 9, 2003, Nellie Hocutt, an elderly resident of the Bronx, was killed in her home. *See* R&R at 2, 9, 41. The murder went unsolved for years. *See id.* at 1. In June 2007, a woman named Larissa Kirby told a detective that she overheard a conversation between Nadine Panton and another woman, Sparkle Daniel, in which Panton and Daniel admitted to killing

---

[1] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R and summarizes only the key facts and issues here. *See* R&R at 2–17.

Hocutt. *Id.* at 2. The following month, officers arrived at Panton's home claiming to have a probation warrant. *Id.* at 3. The officers brought Panton to a police station where, after she waited for about five hours, the detective approached her, told her that he was working on a homicide case, and showed her a crime scene photo of Hocutt. *Id.* After seeing the photo, Panton began to cry. *Id.* She was then read her *Miranda* rights. *Id.* at 4. After acknowledging that she understood her rights, Panton made incriminating statements, which officers reduced to writing and Panton signed. *Id.* Panton then gave a videotaped statement to an Assistant District Attorney in which she made further incriminating statements. *Id.*

At a suppression hearing in Supreme Court, Bronx County, Panton's trial attorney argued that (1) Panton was arrested without probable cause; (2) the officers violated Panton's Fourth Amendment rights under *Payton v. New York*, 445 U.S. 573 (1980), when they made a warrantless and nonconsensual entry into her home to make a felony arrest without exigent circumstances; (3) Panton was never read her *Miranda* rights; and (4) her waiver of those rights was not knowing or intelligent. R&R at 7. The state court issued a written decision denying Panton's suppression motion on the merits. *Id.* at 8; ECF No. 37 (order denying suppression).

After a jury trial, Panton was convicted of one count of second-degree murder, in violation of New York Penal Law § 125.25(3) (felony murder), and one count of second-degree robbery, in violation of New York Penal Law § 160.10(1) (aided by another). R&R at 9. Panton was sentenced to an indeterminate term of 25 years to life imprisonment. *Id.* at 12.

On direct appeal, Panton argued, *inter alia*, that (1) she should have been given a *Miranda* warning before the detective showed her the photo of Hocutt; (2) any subsequent waiver of her *Miranda* rights was not voluntary because Panton was shocked by the gruesome photo; (3) she was arrested in her home in violation of *Payton*; and (4) her sentence was

2

excessive. *Id.* The Appellate Division rejected Panton's claims and affirmed her conviction. *Id.*; *see People v. Panton*, 114 A.D.3d 450 (N.Y. App. Div. 2014). The court held that Panton's Fifth Amendment claim was not preserved for appeal and, in the alternative, the claim failed on the merits because Panton did not make any incriminating statements prior to receiving her *Miranda* warnings and her waiver of her Fifth Amendment rights was voluntary. *See Panton*, 114 A.D.3d at 450–51. As to Panton's claim of a *Payton* violation, the court found that Panton consented to the officers' entry into her home, and the officers did not mention the probation warrant until after Panton had already let them inside, so no *Payton* violation occurred. *Id.* at 451.

Panton was granted leave to appeal to the New York Court of Appeals. R&R at 14. That court rejected the only claim Panton raised—that she should have been read her *Miranda* rights before the detective showed her the crime scene photo of Hocutt—finding that Panton forfeited the claim by failing to raise it before the trial court. *Id.*; *People v. Panton*, 27 N.Y.3d 1144, 1145 (2016).

In August 2017, Panton filed a counseled motion to vacate her conviction under New York Criminal Procedure Law § 440.10 in Supreme Court, Bronx County. R&R at 14. She alleged that her trial counsel was ineffective for forfeiting the argument that she was subjected to a custodial interrogation without a *Miranda* warning when she was shown Hutton's photo at the police station. *Id.* at 14.

While her § 440.10 motion was pending, Panton also filed a habeas petition *pro se* in this Court. *See* ECF No. 2; R&R at 17. By order dated June 28, 2018, the Court stayed Panton's habeas proceedings pending the resolution of her § 440.10 motion. ECF No. 16. About a year later, the state court denied Panton's motion. *See* R&R at 15. It held that Panton's trial counsel

3

acted reasonably at the suppression hearing and, even if counsel had raised the custodial interrogation argument now pressed by Panton, the trial court likely would not have viewed the detective's act of showing Panton the photograph as a custodial interrogation, or Panton's act of crying as an incriminating "statement," for the same reasons the Appellate Division gave in its decision on Panton's direct appeal. *Id.* at 15–16. The court noted that even if the evidence of Panton crying and her written statement had been suppressed, her videotaped statement would have been admissible given that it followed a "pronounced break" in questioning and a re-reading and re-acknowledgement of Panton's *Miranda* rights. *Id.* at 16 (quoting ECF No. 26-14 at 5).

Following the denial of her § 440.10 motion, Panton returned to this Court to amend her habeas petition *pro se*. *See* Am. Pet. In her amended petition, she contends that her convictions should be vacated because (1) the police violated her Fourth Amendment rights under *Payton* by arresting her following a warrantless, nonconsensual entry into her home; (2) the police violated her Fifth and Fourteenth Amendment rights by subjecting her to a custodial interrogation without a *Miranda* warning; (3) the evidence at trial was insufficient to support a conviction for felony murder; and (4) her trial counsel rendered ineffective assistance by failing to object to an alleged statement the prosecution made in front of the jury, failing to call certain defense witnesses to testify at the suppression hearing, and failing to take particular steps to impeach the credibility of the State's witnesses. *See generally id.*; *see also* R&R at 17.

II.     The R&R

The R&R recommends that the Court deny Panton's petition. R&R at 1. The R&R finds that Panton's Fourth Amendment claim is unreviewable because the State provided Panton an opportunity to fully and fairly litigate her Fourth Amendment claim; Panton availed herself of

4

that process; and her claim was denied on the merits at both the trial level and on direct review. *Id.* at 25–27; *see Stone v. Powell*, 428 U.S. 465, 481–82 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at . . . trial."); *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

The R&R concludes that Panton's sufficiency-of-the-evidence claim is procedurally barred and, in the alternative, fails on the merits. R&R at 28. According to the R&R, the claim fails procedurally because (1) Panton never raised it on direct appeal; (2) state rules preclude her from raising it in a state post-conviction proceeding; (3) those rules provide an independent and adequate state law basis to deny the claim, precluding federal habeas review; and (4) Panton has not shown cause to excuse the default. *Id.* at 28–30. Acknowledging the difficult bar a petitioner must clear to prevail on the merits of a legal insufficiency claim in habeas review, the R&R further concludes that Panton's claim fails on the merits because, among other reasons, the evidence at trial was "plainly sufficient" for a rational trier of fact to find that Panton killed Hocutt in the course of committing a robbery. *Id.* at 32–34.

With respect to Panton's Fifth Amendment claim, the R&R finds that the claim is unreviewable because the Court of Appeals' determination that the claim was procedurally defaulted constitutes an independent and adequate state law basis to deny the claim and Panton has not demonstrated cause to excuse the default or prejudice that would result from failing to do so. *Id.* at 35–39. Alternatively, the R&R concludes that the claim fails on the merits because the detective's act of showing Panton the photo of Hocutt was not the functional equivalent of direct

5

questioning, and Panton's pre-*Mirandized* crying was not a self-incriminating "statement." *Id.* at 41–42.

The R&R also recommends denying Panton's ineffective-assistance-of-counsel claim on the merits. *Id.* at 47. According to the R&R, four of Panton's five grounds for claiming ineffective assistance of counsel are unexhausted because Panton did not raise them on direct appeal or in her § 440.10 motion. *Id.* at 45. Rather than stay the habeas proceeding for a second time (or allow Panton to proceed on the sole ground that is exhausted), the R&R recommends that the Court reach the merits of each ground of Panton's ineffective assistance claim and find that none has merit. *Id.* at 46–47. The R&R finds that the state court's denial of Panton's § 440.10 motion did not unreasonably apply the federal standards for ineffective assistance claims based on Panton's trial counsel's failure to raise the *Miranda* argument at the suppression hearing because Panton's Fifth Amendment claim lacks merit. *See* R&R at 50–51. The R&R further finds that Panton's trial counsel acted reasonably and without prejudice to Panton by failing to put on witnesses at the suppression hearing whose testimony might have supported Panton's *Payton* claim because, even if a *Payton* violation occurred, Panton's *Mirandized* statements would have been admissible at trial. *Id.* at 52–53 (citing *New York v. Harris*, 495 U.S. 14 (1990)). Finally, the R&R concludes that Panton's argument that counsel was ineffective for failing to take certain steps to impeach the State's witnesses or object to their testimony are not borne out by the record, are refuted by the rules of evidence, or amount to strategic decisions that do not constitute ineffective assistance of counsel. *Id.* at 53–55.

## LEGAL STANDARD

A § 2254 petitioner bears the burden of proving by a preponderance of the evidence that she is being held "in custody pursuant to the judgment of a [s]tate court . . . in violation of the

6

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997). Courts afford "special solicitude" to *pro se* litigants, interpreting their filings "to raise the strongest claims that [they] suggest[]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (citation omitted).

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error any portion of the R&R to which no objection is made. *Santiago v. Colvin*, No. 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014). When a party makes specific objections to the R&R, the Court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). When a party "makes only conclusory or general objections, or simply reiterates the[ir] original arguments," the Court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) ("[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a[n R&R] for clear error." (citation omitted)). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has

been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

## DISCUSSION

The Court has closely reviewed Panton's objections. Construing the *pro se* filing liberally, the Court identifies five objections to the R&R, each of which the Court addresses in turn. *See generally* Objs.

*First*, Panton objects to the R&R's analysis of her Fourth Amendment claim insofar as the R&R fails to acknowledge that Panton litigated the claim in her trial proceedings and on direct appeal. *See* Objs. at 2 (contending that the "[s]tate court had [a] fair opportunity to pass upon all federal claims under [the] Fourth Amendment issue, [and] lack of probable cause, on direct appeal process and collateral motion"). Because the R&R correctly identifies that Panton litigated the merits of her Fourth Amendment claim in state court and preserved that claim on direct appeal, *see* R&R at 26–27, the objection is overruled. As the R&R explains, the Court cannot review Panton's Fourth Amendment claim unless "the state has provided no corrective procedures at all to redress the alleged [F]ourth [A]mendment violations; or . . . [Panton] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Id.* at 26 (quoting *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992)). The R&R persuasively reasons that neither circumstance applies here, and Panton does not object to that portion of the R&R's analysis. *See id.* at 26–27; *see generally* Objs.

*Second*, Panton raises a generalized objection to the state courts' handling of her Fourth Amendment claim on the merits. *See* Objs. at 2–3. She argues that she was illegally arrested in her home in violation of *Payton* and that, even if no *Payton* violation occurred, officers had no probable cause to arrest her in connection with Hocutt's murder. *See id.* at 1–5 (arguing, *inter*

8

*alia*, that Panton did not consent to the officers' entry into her home or volunteer to go with the officers to the police station; the information supplied by Kirby did not provide probable cause to arrest Panton; and Panton's arrest was part of an illegal sham or ruse by the police). As stated above and explained in further detail in the R&R, this Court is precluded from reviewing the merits of Panton's Fourth Amendment claim under the rule set forth by the Supreme Court in *Stone v. Powell*. *See* R&R at 25–27. Accordingly, Panton's second objection is overruled.

*Third*, Panton claims that officers violated her right to counsel by arresting her on the basis of a probation warrant without providing her the opportunity to speak to an attorney. *See* Objs. at 3–4. A liberal review of Panton's petition does not suggest that she made this claim in her petition, and Panton does not argue that the R&R erred by failing to consider it. *See generally* Objs.; Am. Pet. Accordingly, the Court finds that Panton raises this right-to-counsel claim for the first time in her objections to the R&R. Ordinarily, district courts do not review claims made for the first time in objections to a magistrate judge's order or report if the claims could have been raised earlier in the proceeding. *United States v. Gladden*, 394 F. Supp. 3d 365, 480 (S.D.N.Y. 2019). It appears that Panton could have made her right-to-counsel claim earlier, and she does not explain why she failed to do so, *see generally* Objs., so the claim is likely abandoned. Even if the Court reviewed the claim, it would be denied. The state trial court found that Panton was not arrested in her home and, when she was arrested, her arrest was based on probable cause related to Hocutt's murder—not the probation warrant. *See* ECF No. 37 at 7–10. As explained above, Panton's claims to the contrary are unreviewable under *Stone*. Because Panton's right-to-counsel

9

claim is predicated on a finding that she was arrested on the basis of the probation warrant—a finding that the Court cannot make—Panton's third objection is overruled.

*Fourth*, Panton objects to the R&R's analysis of her ineffective-assistance-of-counsel claim.  Specifically, she contends that her trial counsel rendered ineffective assistance by failing to establish through direct and cross examination that Panton had pleaded with the officers in her home not to place her in handcuffs in front of her children, which would have supported Panton's claim that she did not voluntarily accompany the officers to the police station.  Objs. at 5.  As Panton acknowledges, however, she testified at the suppression hearing and gave her account of what occurred in her home.  *See id.* at 6.  In that testimony, Panton stated that she begged the officers to not put her in handcuffs in front of her children, and the officers agreed to not handcuff her.  R&R at 6 (citing ECF No. 28 at 204–07, 224–29).  Having heard that testimony, the trial court credited the officers' version of events over Panton's, finding that the officers were let into Panton's home freely and that Panton voluntarily accompanied them to the police station.  *Id.* at 8 (citing ECF No. 37 at 9–10).  The state court, therefore, concluded that Panton's arrest did not violate *Payton*, *see id.*, a conclusion this Court may not review for the reasons already stated.  To the extent Panton's objection goes to how her trial counsel conducted direct and cross examination, her claim of ineffective assistance of counsel fails on the merits.  *See id.* at 54 (correctly explaining that Panton's objections to trial counsel's strategic decisions in cross-examination do not support an ineffective assistance claim (first citing *Eze v. Senkowski*, 321 F.3d 110, 132 (2d Cir. 2003); and then citing *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002))).  Therefore, Panton's fourth objection is overruled.

*Fifth*, Panton claims that the state courts erred by relying on her trial counsel's "feeling" that she was not subject to a custodial interrogation when the detective showed her the crime

10

scene photo of Hocutt. Objs. at 5. Panton's objection appears to refer to an affirmation her trial counsel submitted in connection with Panton's post-conviction § 440.10 motion, in which the trial counsel explained that he did not argue for exclusion of Panton's post-*Mirandized* statements at her suppression hearing because he "did not believe [that] [] Panton had been subjected to custodial interrogation or made an incriminating statement prior to being *Mirandized*." ECF No. 26-14 at 4–5 (italics added). In denying Panton's § 440.10 motion, the state court did not rely on the attorney's affirmation as the sole basis for its decision. It analyzed Panton's ineffective assistance claim on the merits and concluded that Panton's trial counsel did not act unreasonably in failing to raise the Fifth Amendment arguments Panton now presses. *See id.* at 2–3. As an alternative and independent basis to support the denial of the § 440.10 motion, the court found that Panton was not prejudiced by her trial counsel's failure to raise the claim because, even if he had, the claim would have failed for the reasons stated by the Appellate Division in its decision on Panton's direct appeal—*i.e.*, for the same reasons stated by the attorney in his affirmation. *Id.* at 3–5. The state court's brief reference to the trial counsel's affirmation, in other words, only further supported the court's analysis of the ineffective assistance issue. As the R&R persuasively explains, the state court's denial of Panton's § 440.10 motion does not reflect an unreasonable application of clearly established federal law. *See* R&R at 50–51. Accordingly, Panton's fifth objection is overruled.

   The Court has reviewed the remainder of Judge Figueredo's thorough and well-reasoned R&R for clear error, including the portions to which Panton does not object, and finds no clear error. The Court, therefore, adopts the R&R in full and denies Panton's petition.

   When a district court issues a final order adverse to a § 2254 petitioner, it must issue or deny a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases in U.S. Dist.

11

Cts. A court may issue a certificate of appealability "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted). Based on the Court's thorough review of the record and the applicable law, the Court finds that Panton has not shown that reasonable jurists could debate whether the claims raised in her amended petition are unreviewable or fail on the merits. The R&R's analysis of the issues is correct and not subject to reasonable debate. Thus, Panton has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and she is not entitled to a certificate of appealability on the claims raised in her petition.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Panton's objections, ADOPTS the R&R in full, DENIES Panton's amended petition, and DECLINES to issue a certificate of appealability.

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner *pro se* and close the case.

SO ORDERED.

Dated: March 20, 2025
      New York, New York

ANALISA TORRES
United States District Judge